## PFAHLER v. McCRUM-HOWELL CO.

### (District Court, E. D. Wisconsin. July 9, 1912.)

RECEIVERS (§ 208*)—ANCILLARY RECEIVERSHIP.

Application in an ancillary receivership proceeding for a distribution which might conflict with the ultimate distribution should be referred to the court of primary jurisdiction, but the court having ancillary jurisdiction has a discretion to retain an application to merely establish applicant's status as a creditor, unless distribution of the estate is thereby confused or embarrassed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 416; Dec. Dig. § 208.*]

In Equity. Bill by Alfred Pfahler against the McCrum-Howell Company; Frank J. Machette intervening. On application by ancillary receivers to remove or dismiss the intervention. Application denied.

In the above-entitled action ancillary receivers were appointed on March 14, 1912. The primary receivership was instituted in the Eastern District of Pennsylvania upon a bill filed by the complainant as a stockholder of the defendant company. Ancillary proceedings are also pending in several other districts.

On April 11, 1912, Frank J. Machette, a resident of Milwaukee, filed an intervening petition, setting forth in detail transactions had by him with the defendant evidenced by contracts pursuant to which he claimed that the defendant company and its receivers are obligated to pay to him $40,000 accruing as royalties, and the further sum of $500,000 alleged to have accrued to him on account of obligations of the defendant company in regard to 5,000 shares of its capital stock; these claims being asserted as preferential. Such petition also prayed for discovery respecting sales of certain devices covered by patent rights which were the subject of the transactions above referred to, and that the receivers herein be adjudged to have adopted as their obligations the agreements set forth in the petition. An order was made requiring the receivers to answer.

The receivers, instead of answering, filed a petition setting forth at some length the institution of the primary and various ancillary receivership proceedings; and, after describing the manufacturing plants, branches of the business of said defendant, in their charge, alleges that the general offices, the business records, books, etc., are not within the district, and generally that inconvenience will result from a hearing by this court of the matter set forth in Machette's petition, and therefore prays for a removal of said petition and all proceedings therein to the District Court for the Eastern District of Pennsylvania as the court of primary jurisdiction, or to dismiss the same without prejudice to the right to proceed in the primary jurisdiction.

Pending the hearing upon the petition last noted, Machette asked and obtained leave to amend his petition. Such amended petition being filed sets out two claims, the one for $40,000 on account of royalties, and the other for $500,000, alleged to have accrued upon a stock contract between said petitioner and said defendant as alleged, and asking that the petitioner be allowed to intervene and to be made a party, and that the receivers answer

---

said petition. The claims for preference and for other relief being eliminated, the amended petition covers an ordinary money demand, arising as alleged. The receivers now request to have the proceedings upon the amended petition removed or dismissed.

Geo. P. Miller, of Milwaukee, Wis., for Frank J. Machette.

J. V. Quarles, of Milwaukee, Wis., for Receivers.

GEIGER, District Judge (after stating the facts as above). There is little, if any, dispute between the parties respecting the discretionary power of the court to refer to the court of primary jurisdiction applications arising in ancillary proceedings which may affect the orderly administration and just distribution of the fund in court. The rule seems well settled that, where parties petition in the ancillary proceedings for a distribution which might conflict with the ultimate distribution to be made after hearing all parties, such application should be referred to the court of primary jurisdiction. In other words, to secure an orderly and just distribution, claims and assets are both referred to the primary court for the purpose of distribution. From this it does not follow that the ancillary court should not entertain a petition by a creditor within the jurisdiction, seeking merely the allowance and adjudication of his claims. Whatever discretion there may be upon this, as compared with the situation where a fund is sought to be incumbered with a preferential claim, ought to be exercised in view of what is disclosed by the bill and the proceedings thus far taken. Such bill by a stockholder alleges that the defendant company is not insolvent, but that it is embarrassed, and that, in order to conserve the assets for the benefit of the shareholders and creditors, the court should take possession through receivers. It charges the probable loss which will ensue attacks by creditors to obtain satisfaction of their claims. The object of the proceeding is not necessarily to wind up the company's affairs, but is either a liquidation or a reorganization under such plan as may be agreed upon. Upon this bill the receivers are appointed in both primary and ancillary proceedings. Therefore a person claiming to be a creditor of the defendant is through such proceedings practically deprived of his right to invoke the jurisdiction of any court other than the primary or ancillary jurisdictions. That is, by placing the property and affairs of the defendant corporation in the hands of receivers, resort to other jurisdictions is rendered impossible at least where, by reason of nonresidence, jurisdiction would depend upon acquisition of a lien upon property. In any event, where the jurisdiction is exercised in ancillary proceedings to aid in preserving the assets in order that the ultimate purpose disclosed by the bill may be accomplished, those claiming to be creditors and who are thus deprived of the right to proceed in the usual way ought to have some benefit of the proceedings; and the right to appear in the district of their residence and establish their status as creditors should be accorded, unless likely to cause confusion or to embarrass the orderly and harmonious administration or distribution of the estate. The determination of the single question whether

the defendant corporation is indebted to the petitioner as alleged involves. no considerations affecting the present administration of the property; and, there being no claim for lien or preference, an adjudication of the claim by the court would not affect the ultimate distribution differently than if heard or allowed in another jurisdiction. As above indicated, these proceedings were instituted by a stockholder suing on behalf of all similarly situated. Nothing appears to have been done to afford creditors an opportunity to come in; and the court could hardly, by ordering a removal of the present petition to the district of Pennsylvania, give petitioner any assurance that it will be there entertained.

The suggestions as to convenience of witnesses and parties apply to proceedings upon the petition wherever filed. The testimony will have to be taken as in ordinary cases, either upon deposition or before a master.

An order may be entered denying the application of the receivers to remove the proceedings to the Eastern District of Pennsylvania, and likewise denying their application to dismiss the same. The receivers are, however, given 20 days from the entry of such order to answer the amended petition of Machette.